Filed 9/17/21  P. v. Lenormand CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>PAUL LENORMAND,<br><br>        Defendant and Respondent. | A160432<br><br><br>(Alameda County<br>Super. Ct. No. 20-CR-003187) |

The People of the State of California (People) appeal from the trial court's order modifying defendant Paul Lenormand's "parole conditions by terminating" his parole supervision.  The People contend the trial court lacked the authority to do so.  We agree and reverse.

**BACKGROUND**

Defendant was convicted of a felony violation of Penal Code section 273.5[1] in 2005 and placed on five years of formal probation in 2006. Defendant, however, violated the conditions of his probation and was sentenced to state prison for two years in 2009.  According to the trial court, defendant was released on parole supervision on the same day he was sentenced, suggesting "that he never actually served any actual time in state custody."  Over the next decade, defendant violated his parole conditions

---

[1]     All further statutory references are to the Penal Code.

1

numerous times, including absconding at least four times. Following his latest episode of absconding, defendant was arrested in Oregon in December 2020. The California Department of Corrections and Rehabilitation then filed a petition to revoke parole.

At the hearing on the petition, the trial court determined that defendant was still on parole because "he basically absconded the entire period of his parole." Nonetheless, the court modified "defendant's parole conditions by terminating supervision" pursuant to section 1203.2 because "defendant's conviction for the offense that he is on parole for occurred fifteen years ago" and because "the court is not aware of any new criminal conduct in the last ten years." According to the court, this meant that defendant was "on parole" but did not "have to report to parole" or "have any of the restrictions on parole." Thus, defendant could violate parole by committing "new criminal conduct" but not by violating "any status things." The People timely appealed.

## DISCUSSION

The People contend the trial court lacked authority to terminate defendant's parole supervision under section 1203.2 because it lacked the authority to "terminate parole." (§ 1203.2, subd. (b)(1).) Defendant counters that section 1203.2, subdivision (b)(1) vested the trial court with authority to terminate parole *supervision* while keeping defendant on parole. In *People v. Johnson* (2020) 58 Cal.App.5th 363, 369, however, this division recently concluded, in a case with similar facts, that the same trial court "erred in interpreting section 1203.2 to mean it had the authority to terminate 'parole supervision,' and in ordering that defendant 'not be supervised for the remainder of his parole term.'" For the reasons stated in *Johnson*, we reach the same conclusion here.

2

Citing section 3000.08, subdivision (f)(1), defendant also argues that the trial court had the power to modify the conditions of his parole by terminating supervision. But subdivision (f)(1) only authorizes the "[r]eturn [of] the person to parole *supervision* with modifications of conditions." (§ 3000.08, subd. (f)(1), italics added.) Thus, under the plain language of that subdivision, supervision is still required even if the court modifies the conditions of parole. Indeed, "the effective supervision of and surveillance of parolees" is one of the purposes of parole. (§ 3000, subd. (a)(1).) Finally, section 3000.09, subdivision (b)—which applies to "any parolee who was paroled from state prison prior to October 1, 2011"—states that such parolees "shall remain under supervision by the Department of Corrections and Rehabilitation until one of" three conditions occur. There is nothing in the record to suggest that any of those conditions have occurred here.[2] Accordingly, the trial court had no authority to terminate defendant's parole supervision.

---

[2] The three conditions are: "(1) Jurisdiction over the person is terminated by operation of law. [¶] (2) The supervising agent recommends to the Board of Parole Hearings that the offender be discharged and the parole authority approves the discharge. [¶] (3) The offender is subject to a period of parole of up to three years pursuant to paragraph (1) of subdivision (b) of Section 3000 and was not imprisoned for committing a violent felony, as defined in subdivision (c) of Section 667.5, a serious felony, as defined by subdivision (c) of Section 1192.7, or is required to register as a sex offender pursuant to Section 290, and completes six consecutive months of parole without violating their conditions, at which time the supervising agent shall review and make a recommendation on whether to discharge the offender to the Board of Parole Hearings and the Board of Parole Hearings approves the discharge." (§ 3000.09, subd. (b)(1)-(3).)

3

## DISPOSITION

The trial court order modifying defendant's parole conditions by terminating his supervision is reversed. The matter is remanded for further proceedings consistent with this opinion.

_____

Chou, J.*

WE CONCUR:


_____

Tucher, P.J.


_____

Petrou, J.


*People v. Lenormand/A160432*

_____

\*      Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.